**SKIBA LAW GROUP, PLC**
John N. Skiba (022699)
1640 South Stapley Drive, Suite 127
Mesa, Arizona 85204
T: (480) 420-4028  F: (480) 302-7844
Email: john@skibalaw.com
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| TIMOTHY JUDGE,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., a foreign corporation; and MIDLAND FUNDING, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No: _____<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Timothy Judge, through counsel, does hereby state his complaint against Defendants Midland Credit Management, Inc. (hereinafter "MCM") and Midland Funding, LLC (hereinafter "Midland Funding") as follows:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.
2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by these Defendants in their efforts to collect a consumer debt.
3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Timothy Judge is a natural person who resides in the City of Fountain Hills, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Credit Management, Inc. is a foreign corporation and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Midland Funding, LLC is a limited liability company organized and operating under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) through FIA Card Services, N.A.

8. Sometime thereafter, the alleged debt was purportedly consigned, placed or otherwise transferred to Midland Funding, LLC and MCM for collection from the Plaintiff.

9. On February 13, 2015 Midland Funding filed a collection lawsuit against Plaintiff in the McDowell Mountain Justice Court seeking payment on an FIA Card Services account (#3656) in the amount of $1,311.95. The justice court assigned the matter case number CC2015-027028. *See* Complaint, a true and accurate copy is attached as Exhibit A.

10. Midland Funding's complaint states that Midland Funding treats consumers "with respect, compassion and integrity…Midland strives to engage in dialogue that is honorable and constructive, and play a positive role in consumer's lives". *Id*. at p. 2.

11. Plaintiff timely filed an Answer to Midland Funding's complaint and on April 22, 2015 the McDowell Mountain Justice Court set a trial date of July 13, 2015. *See* Notice of Court Date, a true and accurate copy is attached as Exhibit B.

12. At all times relevant to the proceedings in the McDowell Mountain Justice Court the attorney's for MCM represented Midland Funding.

13. On May 29, 2015 Midland Funding filed a second lawsuit against Plaintiff in the McDowell Mountain Justice Court seeking payment on the same FIA Card Services account (#3656) in

14. the amount of $1,311.95. The justice court assigned the matter case number CC2015-096511. *See* Complaint, a true and accurate copy is attached as Exhibit C.
15. At all times relevant to the above case MCM's attorneys represented Midland Funding.
16. The two referenced lawsuits filed by Midland Funding in the McDowell Mountain Justice Court against Plaintiff are for the same FIA Card Services account (#3656), seek the same amounts ($1,311.95), and are virtually identical. Midland Funding filed two separate lawsuits against Plaintiff on the same debt causing him to defend both cases.

<!-- numbering in source: 14, 15, 16 correspond to above -->

16. A trial was held in the original Midland Funding lawsuit on July 13, 2015 and after being notified again of the second identical lawsuit against Plaintiff, Midland Funding finally agreed to dismiss the second lawsuit. *See* Plaintiff's Notice of Dismissal of Complaint, a true and accurate copy is attached as Exhibit D.
17. Defendants collectively are in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.
18. Plaintiff has suffered actual damages as a result of these illegal collection actions in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions.

**TRIAL BY JURY**

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692** *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
21. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

22. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.
## VIOLATIONS OF THE ARIZONA FAIR DEBT COLLECTION PRACTICES ACT
## A.R.S § 32-1001 *et seq*.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
24. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the Arizona FDCPA including, but not limited to, each and every one of the above-cited provisions of the Arizona FDCPA, A.R.S. § 32-1001 *et seq*.
25. Plaintiff is entitled to actual damages and attorney's fees and costs from each and every defendant herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

**VIOLATIONS OF THE ARIZONA FAIR DEBT COLLECTION PRACTICES ACT**

A.R.S § 32-1001 et seq.

- for an award of actual damages against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees against each and every Defendant;

**DATED** this 28th day of August 2015.

Skiba Law Group, PLC


*John Skiba*
John N. Skiba
*Attorney for Plaintiff*